IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:17-cr-00047-HZ |
| Plaintiff, | ORDER |
| v. | |
| TIMOTHY AUSTIN HOLMES, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

      Defendant Timothy Austin Holmes moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and a

---

[1] Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

reduction in his sentence would undermine the sentencing factors under § 3553(a), the Court denies Defendant's motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate

release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

The threat of COVID-19 in federal prison and Defendant's medical conditions do not constitute an extraordinary and compelling reasons to reduce his sentence. Defendant is understandably concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces. Defendant has hypertension, is overweight, and has a history of smoking. Def. Mot. 12–15, ECF 75. These are conditions that elevate a person's risk of becoming seriously ill from COVID-19.[2] However, Defendant is only 42 years old, younger than the high-risk group identified by the CDC.[3] And Defendant has already had COVID-19 and received both doses of the COVID-19 vaccine in early March. Def. Mot. 12–13. Defendant is currently serving his sentence at FCI Lompoc. As of July 19, 2021, FCI Lompoc had a prison population of 738 with 0 inmates or staff testing positive for COVID-19 and 585 inmates and 23 staff recovered.[4] Thus, Defendant's medical condition is not an extraordinary or compelling reason to reduce his sentence to time served.

Defendant also argues that his family circumstances constitute extraordinary circumstances warranting his release. *See* Def. Mot. 10–12. The Court acknowledges the difficulties faced by Defendant's parents—who have serious medical conditions—in providing care and support for Defendant's three children, who are attending college or beginning college

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).
[3] *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated July 3, 2021).
[4] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated July 19, 2021).

3 – ORDER

in the fall. *See id*. But Defendant's desire to provide financial support to his family and assist in caring for his children and parents—without more—does not justify compassionate release.

In addition, Defendant's release would undermine the sentencing factors under 18 U.S.C. § 3553(a). The nature of Defendant's underlying offense is significant. Defendant has served approximately half of his sixty-three-month sentence, which was a significant downward variance from his advisory guidelines range. Gov't Resp. 13–14, ECF 78. Reducing Defendant's sentence further would undermine the sentencing factors under § 3553(a). The sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [75].

IT IS SO ORDERED.

DATED:___August 1, 2021_____.

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER